IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, *ex rel.* KATHLEEN JENNINGS, Attorney General of the State of Delaware, | § <br> § No. 54, 2024 <br> § <br> § Court Below: Superior Court <br> § of the State of Delaware <br> § |
| Plaintiff Below, Appellant, | |
| v. | § C.A. No. N20C-09-097 CCLD <br> § |
| BP AMERICA INC., BP P.L.C., CHEVRON CORPORATION, CHEVRON U.S.A. INC., CONOCOPHILLIPS, CONOCOPHILLIPS COMPANY, PHILLIPS 66, PHILLIPS 66 COMPANY, EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, XTO ENERGY INC., HESS CORPORATION, MARATHON OIL CORPORATION, MARATHON PETROLEUM CORPORATION, MARATHON PETROLEUM COMPANY LP, SPEEDWAY LLC, MURPHY OIL CORPORATION, MURPHY USA INC., SHELL PLC, SHELL USA, INC., CITGO PETROLEUM CORPORATION, TOTALENERGIES SE, TOTALENERGIES MARKETING USA INC., OCCIDENTAL PETROLEUM CORPORATION, DEVON ENERGY CORPORATION, APACHE CORPORATION, CNX RESOURCES CORPORATION, CONSOL ENERGY INC., OVINTIV, INC., and AMERICAN PETROLEUM INSTITUTE, | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |
| Defendants Below, Appellees. | § |

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice and supplemental notice of appeal from an interlocutory order, the conditional notice of cross-appeal from an interlocutory order, and the documents attached thereto, it appears to the Court that:

(1)     The State of Delaware *ex rel.* Kathleen Jennings, Attorney General of the State of Delaware (the "State") has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from the Superior Court's opinion dated January 9, 2024 (the "Opinion").  The defendants-appellees have petitioned this Court to accept a cross-appeal from the Opinion if the Court accepts the State's interlocutory appeal.

(2)     In the Superior Court litigation, the State seeks to hold fossil-fuel companies and American Petroleum Institute ("API" and, together with the other appellees, the "Defendants")[1] liable for damages resulting from climate change.  As summarized by the Superior Court, the State "alleges that Defendants knew or should have known that the unrestricted production and use of fossil fuel products

---

[1] The complaint describes the Defendants as "extractors, producers, refiners, manufacturers, distributors, promoters, marketers, and/or sellers of fossil fuel products."  Complaint ¶ 4.  It refers to the defendants other than API as the "Fossil Fuel Defendants."  The complaint alleges that API is "the country's largest oil trade association" and its "purpose is to advance its individual members' collective business interests, which includes increasing consumer consumption of oil and gas to the Fossil Fuel Defendants' financial benefit."  *Id.* ¶ 37.

creates greenhouse gas pollution that causes damage to the planet, the State of Delaware, and its residents."[2] But instead of warning consumers and the public of the known consequences of greenhouse gas pollution, the Defendants allegedly "concealed and mispresented their products' known dangers while promoting their use, which drove consumption" that led to increased emissions and caused the climate crisis.[3] The State claims that the Defendants "are responsible for causing and accelerating climate change on Earth," resulting in dire consequences that include flooding and inundation of land and infrastructure; increased erosion; increased periods of drought interspersed with fewer and more severe periods of precipitation; negative impacts on water quality; ocean acidification; increased frequency and intensity of storm surges, extreme weather events, saltwater intrusion, and other effects of higher sea levels; changes to terrestrial and marine ecosystems; and adverse impacts on human health, ecosystems, flora, and fauna.[4]

(3) The complaint asserts three causes of action against the Fossil Fuel Defendants: negligent failure to warn, trespass, and nuisance. It also asserts that API and certain of the Fossil Fuel Defendants violated the Delaware Consumer Fraud Act ("DCFA"). The Opinion resolved fourteen motions to dismiss. The court rejected several defendants' arguments that they are not subject to personal

---

[2] *State ex rel. Jennings v. BP America Inc.*, 2024 WL 98888, at *1 (Del. Super. Ct. Jan. 9, 2024).
[3] *Id.*
[4] *Id.*

3

jurisdiction in Delaware, concluding that the complaint alleges sufficient connections between such defendants' Delaware activities and the State's claims.[5] The court held that the State's claims are preempted by the federal Clean Air Act to the extent that they seek "damages for injuries resulting from out-of-state or global greenhouse emissions and interstate pollution"[6] but that they are not preempted to the extent that they allege harm and damages "resulting from air pollution originating from sources in Delaware."[7] The court rejected the argument that the complaint asserts nonjusticiable political questions.[8] Analogizing to *State ex rel. Jennings v. Monsanto Company*,[9] the court held that the complaint states a claim for "environmental-based public nuisance and trespass for land the State owns directly, but not for land the State holds in public trust."[10] The court acknowledged that "damages caused by air pollution limited to State-owned property may be difficult to isolate and measure," but determined "that is an issue to be addressed at a later stage of the case."[11] The court also held that, by alleging that the Defendants "knew that their products were endangering the environment[] and harming their consumers

---

[5] *Id.* at *21. The court dismissed the claims against TotalEnergies SE, a "French energy conglomerate" with limited or no alleged contacts with Delaware, for lack of service of process. *Id.* at *23.

[6] *Id.* at *9.

[7] *Id.* at *11.

[8] *Id.* at *12.

[9] 299 A.3d 372 (Del. 2023).

[10] *BP America*, 2024 WL 98888, at *13.

[11] *Id.*

and the State of Delaware," the complaint states a claim for negligent failure to warn about the dangers of their products.[12]

(4)    Applying the particularized pleading requirements of Superior Court Rule of Civil Procedure 9(b), the court determined that "the State has failed to specifically identify alleged misrepresentations for each individual defendant" and therefore dismissed "[a]ll claims alleging misrepresentations, including 'greenwashing,'" with leave to amend the complaint to plead such claims with sufficient particularity.[13]  As to the State's claims under the DCFA, the court held that the claims are barred by the five-year statute of limitations because information about climate change and its effects has been available for decades.[14]

(5)    Some of the Fossil Fuel Defendants moved for reargument.  The Superior Court denied the defendants' motions, concluding that it had not overlooked controlling precedent or misapprehended the law or facts.[15]

(6)    The State asked the Superior Court to certify an interlocutory appeal. The Defendants opposed certification and asked the Superior Court to certify an interlocutory cross-appeal if it certified the State's appeal.  The Superior Court

---

[12] *Id.* at *18.
[13] *Id.* at *17.  The court also determined that questions regarding the applicability of anti-SLAPP law and whether API's speech was protected noncommercial speech under the First Amendment could not be resolved at the motion to dismiss stage.  *Id.* at *21-23.
[14] *Id.* at *19.
[15] *State ex. rel. Jennings v. BP America*, 2024 WL 550098 (Del. Super. Ct. Feb. 12, 2024).

denied the applications for certification.[16]  The court determined that the Opinion decided substantial issues of material importance, but that the likely benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs of such review.[17]  As to the considerations of Rule 42(b)(iii), the court rejected the State's contention that interlocutory review would serve considerations of justice.[18] The court also determined that the Opinion did not decide a question of first impression but applied established precedent to the facts alleged in the complaint.[19] And the court rejected the State's contention that the Opinion conflicted with the decisions of other Delaware trial courts by applying Rule 9(b)'s particularity requirement to the State's DCFA claim.[20]

(7)     We agree that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of this

---

[16] *State ex rel. Jennings v. BP America*, 2024 WL 621438 (Del. Super. Ct. Feb. 14, 2024).
[17] *Id.* at *4.
[18] *Id.*; *see* DEL. SUPR. CT. R. 42(b)(iii)(H) (providing that the trial court should consider whether "[r]eview of the interlocutory order may serve considerations of justice").
[19] *BP America*, 2024 WL 621438, at *4; *see* DEL. SUPR. CT. R. 42(b)(iii)(A) (providing that the trial court should consider whether the "interlocutory order involves a question of law resolved for the first time in this State").
[20] *BP America*, 2024 WL 621438, at *4; *see* DEL. SUPR. CT. R. 42(b)(iii)(B) (providing that the trial court should consider whether the "decisions of the trial courts are conflicting upon the question of law").  The Opinion held that the DCFA claim was barred by the statute of limitations; it did not explicitly state that Rule 9(b) applies to claims under the DCFA.  To the extent that the court's determination that "[a]ll claims alleging misrepresentations" were insufficiently particularized applied to the DCFA claim, the court also determined that the DCFA claim was subject to dismissal as time-barred.  Thus, interlocutory review of the applicability of Rule 9(b) to claims under the DCFA would not, alone, revive the DCFA claims in this case.

6

Court.[21]  In the exercise of its discretion and giving great weight to the trial court's view, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist in this case,[22] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[23]  To the contrary, an interlocutory appeal would further complicate and delay an already complex litigation.  Because the Defendants conditioned their request for interlocutory review on acceptance of the State's interlocutory appeal, the interlocutory cross-appeal is also refused.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal and interlocutory cross-appeal are REFUSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[21] DEL. SUPR. CT. R. 42(d)(v).
[22] *Id.* R. 42(b)(ii).
[23] *Id.* R. 42(b)(iii).

7